487 P.2d 489

**Robert J. BUDAGHER, Plaintiff-Appellee.**

**v.**

**The NEW MEXICO STATE POLICE BOARD et al., Defendants-Appellants.**

**No. 9196.**

Supreme Court of New Mexico.
July 26, 1971.

David L. Norvell, Atty. Gen., Joyce Blalock, Sp. Asst. Atty. Gen., Santa Fe, for defendants-appellants.

Matteucci, Franchini, Calkins & Michael, Albuquerque, for plaintiff-appellee.

## OPINION

COMPTON, Chief Justice.

This is an appeal by the New Mexico State Police Board from an order reinstating appellee as a senior patrolman in the State Police Department.

Appellee was commissioned as an officer of the New Mexico State Police in 1949. On January 26, 1960, he sustained injuries in an automobile accident while on duty. Injuries from that accident forced appellee to use all his available sick leave.

On July 5, 1960, after having used all his available sick leave, appellee requested, in writing, a leave of absence until such time as his physical condition would permit him to perform the duties of a highway patrolman.

Answering appellee's request for leave of absence, Chief A. P. Winston, Jr., of the New Mexico State Police, then stated:

"You are advised, therefore, that effective July 1st you have exhausted your accumulative sick leave and your employment has been terminated from this department."

On April 9, 1968, appellee applied for reinstatement which was refused. The cause was then tried to the court and from the order reinstating appellee, the Board has appealed.

We think the trial court misconstrued the force of the pertinent statute and the regulatory rule promulgated by the State Police Board. Section 7 of the rule filed with the Librarian of the New Mexico Supreme Court on November 30, 1959, pursuant to § 39-2-21, N.M.S.A.1953, referring to leaves of absence, states:

"No member of the department will be granted a leave with or without pay. Member must re-qualify after any leave from the department before re-employment."

It is clear that under no circumstances could such leave of absence from the police department be granted.

We therefore conclude that appellee's request for leave of absence which could not be authorized and his physical inability to perform the functions of his job as a senior patrolman, constituted a voluntary resignation, not a termination governed by § 39-2-11, N.M.S.A.1953, as found by the trial court.

This court has considered all points raised by appellee and they are not persuasive. The order appealed from should be reversed.

It is so ordered.

McMANUS and OMAN, JJ., concur.